UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WANDA MAY LEWALLEN and TOM LEWALLEN, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br><br> Defendant. | Case No. 05-CV-0430-CVE-FHM |

### OPINION AND ORDER

Now before the Court is plaintiffs' motion to remand (Dkt. # 12) and for attorney fees (Dkt. # 13). Plaintiffs originally brought this action in the District Court for Tulsa County in the State of Oklahoma on March 2, 2005. Pursuant to 28 U.S.C. § 1441, defendant removed to federal court on July 28, 2005, within thirty (30) days of service, on the basis of diversity jurisdiction under 28 U.S.C. § 1332 (Dkt. # 2). Plaintiffs filed their motion to remand to state court on August 26, 2005.

In their original state court petition, plaintiffs allege that defendant State Farm Mutual Automobile Insurance Company ("State Farm") wrongfully refused to compensate them under the terms of purchased insurance policies. It is uncontested that Wanda Lewallen and Tom Lewallen entered into contractual agreements with State Farm for uninsured/underinsured motorist ("UM") coverage. The two (2) State Farm UM insurance policies held by plaintiffs each have a limit of $100,000 per person, for total maximum coverage of $200,000. On September 21, 2000, Wanda Lewallen was injured in a motor vehicle accident while a passenger on a motorcycle. State Farm was the UM insurance carrier for Wanda Lewallen at the time of this accident. Subsequently, Wanda Lewallen received medical care and treatment for injuries sustained in the September 2000

accident. The parties agree that State Farm has paid $135,000 in UM coverage under the Lewallen policies in relation to the September 2000 accident.

Plaintiffs allege two claims for relief sounding in tort: first, Wanda Lewallen alleges State Farm breached its duty of good faith and fair dealing by not paying "her policy limits"; second, Tom Lewallen alleges loss of consortium. The first claim for relief seeks both actual and punitive damages. In both claims for relief, plaintiffs seek damages in excess of $10,000 (Dkt. # 12), Ex. 1.[1]

**I.**

Any civil action brought in state court may be removed to federal court if the federal court has original subject matter jurisdiction over the matter. 28 U.S.C. § 1441(a). Subject matter jurisdiction is established, generally, either by the presence of a federal question, 28 U.S.C. §1331, or diversity of citizenship, 28 U.S.C. §1332. For a federal court to exercise diversity jurisdiction, there must be complete diversity in the citizenship of the parties and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

A removed case must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). This Court has a duty to deny jurisdiction if it finds the requirements have not been met. See, e.g., Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995) ("Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure

---

[1] In Oklahoma, the general rules of pleading require that:

"[e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

Okla. Stat. tit. 12, § 2008(2).

to challenge jurisdiction early in the proceedings."). Further, there is a presumption against removal to federal courts. Id. at 873. In examining the record, the Court recognizes that:

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when a plaintiff has filed suit in federal court with a claim that, on its face, satisfied the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

Martin v. Franklin Cap. Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001) (quoting Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)).

As the party invoking federal jurisdiction, State Farm bears the burden of establishing that requirements for diversity jurisdiction are present. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). Since the Court finds that complete diversity exists between the Lewallens and State Farm,[2] the issue to be decided is whether State Farm has carried the burden to establish the requisite amount in controversy.

## II.

The amount in controversy for federal jurisdiction "must be <u>affirmatively established</u> on the face of either the petition or the removal notice." Laughlin, 50 F.3d at 873 (emphasis added). Where the initial petition does not affirmatively establish the requisite amount in controversy, the Tenth Circuit requires defendant to go beyond good faith assertions that the amount in controversy

---

[2]    The plaintiffs' contention that there is no diversity of citizenship is without merit. State Farm is an Illinois corporation with its principal place of business in the State of Illinois. The Lewallens are residents of the State of Oklahoma. Therefore, there is complete diversity in this case. However, plaintiffs claim State Farm is deemed a citizen of Oklahoma pursuant to 28 U.S.C. § 1332(c). Plaintiffs' argument is misplaced. By its plain language, § 1332(c) applies only to a direct action by a third party against an insurer sued in lieu of the insured; it does not apply to a claim for breach of contract or bad faith by an insured against its own insurer.

exceeds $75,000 and to present facts underlying those assertions. Id. In other words, removing defendants must show, by a preponderance of the evidence, that there is more than $75,000 at issue in the case. Martin v. Franklin Cap. Cor., 251 F.3d 1284, 1290 (10th Cir. 2001) (citing Laughlin, 50 F.3d at 873).

The Court initially looks to the plaintiffs' petition to determine the amount in controversy. Plaintiffs state two claims for actual damages in excess of $10,000 and request punitive damages in excess of $10,000. The rules of pleading in the State of Oklahoma expressly forbid the inclusion of a demand for any specific amount of money in tort actions. Okla. Stat. tit. 12, § 2008(2). Prayers for damages "in excess of" $10,000 do not establish an amount in excess of $75,000. See Laughlin, 50 F.3d at 873. Due to that rule, the Court concludes that the amount in controversy requirement is not satisfied on the face of the plaintiffs' petition.

In the notice of removal (Dkt. # 2), State Farm analyzes the amount in controversy as actual damages of $65,000 for bad faith failure to pay policy limits, plus two additional claims in excess of $10,000 each, for a total minimum amount of $85,000. In reaching this amount, State Farm relies upon the following information in plaintiffs' petition: under the first claim of bad faith, Wanda Lewallen requests actual damages in excess of $10,000 and punitive damages in excess of $10,000; and, under the second claim, Tom Lewallen requests damages in excess of $10,000 for loss of consortium. It is appropriate to aggregate the claims of multiple plaintiffs against a single defendant when the claims are integrated. Cases involving an indivisible property interest, such as an insurance policy, "cannot be adjudicated without implicating the rights of everyone involved with the res." Martin, 251 F.3d at 1292 (quoting Bishop v. General Motors Corp., 925 F. Supp. 294, 298 (D.N.J. 1996)). The Lewallens held the State Farm insurance policies in common (Dkt. # 12), Ex.

1. Therefore, Wanda Lewallen's claims are combined with Tom Lewallen's claim for purposes of determining the total amount in controversy.

State Farm's notice of removal presents facts which demonstrate the federal amount in controversy has been met. Specifically, State Farm alleges that:

> Where Plaintiffs have alleged Wanda Lewallen's UM claim exceeded policy limits, the amount in controversy with respect to Plaintiffs' claim for actual damages arising from bad faith is at least $65,000, and would likely be greater, where noneconomic damages such as pain and suffering may be awarded in a bad faith action.

Notice of Removal (Dkt. # 2). See Norman's Herigate Real Estate Co. v. Aetna Cas. & Sur. Co., 727 F.2d 911, 916 (10th Cir. 1983) ("an insurer is liable in tort for a willful, malicious, bad faith refusal to pay only a valid claim.") (citing Christian v. American Home Assurance Co., 577 P.2d 899 (Okla. 1977)). State Farm appended to its notice of removal a December 2004 letter from plaintiffs' counsel requesting State Farm to "remit a check immediately in the amount of $65,000 payable to Wanda Lewallen." (Dkt. # 2), Ex. 4. Such letter is evidence of the amount of actual damages sought by Wanda Lewallen under her first claim for relief.[3] In contrast to the facts underlying Martin, State Farm did more than summarize allegations. See 251 F.3d at 1291 ("mere summary, of course, does not provide the requisite facts lacking in the complaint."). State Farm's notice of removal states a good faith belief that the amount in controversy is greater than $75,000. Moreover, State Farm presented evidence that Wanda Lewallen seeks at least $65,000 in actual damages in her first claim,

---

[3] The Lewallens admit in their motion for remand that the "actual amount in controversy is the balance of the insurance contract which is sixty-five thousand dollars" (Dkt. # 12). This admission ignores the two additional claims in their initial petition which total in excess of $20,000. The Lewallens contend that claims over and above the $65,000 cannot be determined from State Farm's notice of removal, but the Court finds that the additional request in excess of $20,000 can be determined from the notice of removal and the face of the original pleading.

which places plaintiffs' total requests for damages over the requisite $75,000, exclusive of interest and costs.

The Court finds that State Farm has shown, by a preponderance of the evidence, that the Lewallens' claims meet the amount in controversy such that this Court has diversity jurisdiction.

**IT IS THEREFORE ORDERED** that the motion for remand (Dkt. # 12) and for attorney fees (Dkt. # 13) is hereby **denied**.

**DATED** this 22nd day of September, 2005.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT